**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 1, 2009

Charles R. Fulbruge III
Clerk

No. 07-41005
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REFUGIO JAVIER DE LA GARZA-VALLES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-456-1

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Refugio Javier De La Garza-Valles challenges the sentence imposed following his guilty plea conviction of being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b). De La Garza argues that his sentence is procedurally unreasonable because the district court failed to permit counsel to argue for an appropriate sentence and failed to provide sufficient reasons. He also argues that his sentence is substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable in light of *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007). He further contends that his sentence is substantively unreasonable because U.S.S.G. § 2L1.2(b)(1)(A)(i) (2006) is flawed as it was not based on empirical data.

De La Garza did not preserve these objections in the district court. Review is therefore for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F. 3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). De La Garza "must demonstrate (1) error, (2) that is clear or obvious, and (3) that affects substantial rights." *Campos-Maldonado*, 531 F. 3d at 339. "If these conditions are met, this court may exercise its discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The district court provided defense counsel ample opportunity to address the arguments that counsel deemed appropriate. Also, the formalistic procedure suggested by De La Garza's arguments is not prescribed by the authorities upon which De La Garza relies. *See* FED. R. CRIM. P. 32(i)(4)(A)(i); *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007); and *Gall*, 128 S. Ct. at 596. Additionally, nothing in the record indicates that De La Garza's sentence would have been different if the court had provided more explanation of its chosen sentence. *See Mondragon-Santiago,* 564 F.3d at 363-64. De La Garza's argument that his sentence is procedurally unreasonable thus does not provide a basis for relief.

De La Garza's argument regarding *Gall* and *Kimbrough* does not establish that his sentence is substantively unreasonable, as the record does not suggest that the district court wished to impose a different sentence but felt constrained by this court's precedent. *See Campos-Maldonado*, 531 F.3d at 338-39. Finally, this court has rejected De La Garza's argument that § 2L1.2 is flawed. *See id.*

The judgment of the district court is AFFIRMED.